**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DWAIN LAMMEY, | No.   20-55070 |
| Plaintiff-Appellant, | |
| v. | D.C. No.<br>2:19-cv-04484-JAK-PLA |
| PLAZA SEGUNDO, LLC, a California<br>Limited Liability Company; DOES, 1-10, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
John A. Kronstadt, District Judge, Presiding

Submitted June 10, 2022**
Pasadena, California

Before:  M. SMITH, BADE, and VANDYKE, Circuit Judges.

Plaintiff-Appellant Dwain Lammey appeals the district court's order

declining to exercise supplemental jurisdiction over his California Unruh Civil

Rights Act ("Unruh Act") claim, pursuant to the "exceptional circumstances"

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

exception under 28 U.S.C. § 1367(c)(4). We have jurisdiction under 28 U.S.C. § 1291, and we reverse and remand for further proceedings.

The decision to invoke the "exceptional circumstances" exception to supplemental jurisdiction under § 1367(c)(4) "entails a two-part inquiry." *Arroyo v. Rosas*, 19 F.4th 1202, 1210 (9th Cir. 2021). "First, the district court must articulate why the circumstances of the case are exceptional within the meaning of § 1367(c)(4)." *Id.* (citation omitted). "Second, in determining whether there are compelling reasons for declining jurisdiction in a given case, the court should consider what best serves the principles of economy, convenience, fairness, and comity . . . ." *Id.* (citation omitted).

The district court determined that exceptional circumstances existed to decline supplemental jurisdiction because of procedural and heightened pleading requirements California has imposed on "construction-related accessibility claims" pursuant to the Unruh Act. *See* Cal. Civ. Proc. Code § 425.50. The district court did not abuse its discretion in this holding. *See Arroyo*, 19 F.4th at 1211–13 (stating that the "recent confluence of several California-law rules have combined to create a highly unusual systemic impact on [Americans with Disabilities Act ("ADA")]-based Unruh Act cases that clearly threatens to have a significant adverse impact on federal-state comity," which was "'exceptional' in any meaningful sense of the term").

Under our recent decision in *Arroyo*, however, the district court abused its discretion in determining that "compelling reasons" existed for declining supplemental jurisdiction under the specific circumstances of this case. *See id.* at 1214. In the same order in which the district court declined to exercise supplemental jurisdiction over the Unruh Act claim, the district court determined that Lammey had sufficiently pleaded a violation of the ADA and granted default judgment on that claim. Because "a violation of the ADA is automatically, without more, a violation of the Unruh Act," and because, at the time the district court issued its order declining supplemental jurisdiction, the district court had already ruled on the merits of the ADA claim, "it would be a sheer waste of time and resources to require [the Unruh Act] claim to be refiled in state court," and comity would "certainly not [be] served by sending back to state court litigation in which the result is wholly foreordained." *Id.* at 1214–15 (citation omitted). We thus reverse the district court and remand for the district court to exercise supplemental jurisdiction over the Unruh Act claim.

**REVERSED and REMANDED.**